**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

**CHAPTER 13 PLAN - MODIFIED**
**AND RELATED MOTIONS**

Name of Debtor(s):    **Danielle Rashawn Tuppince**            Case No:  **19-33751-KLP**

This plan, dated __October 29, 2019__ , is:

☐   the *first* Chapter 13 plan filed in this case.
■   a modified Plan, which replaces the
   ■confirmed or ☐ unconfirmed Plan dated __July 19, 2019__ .

   Date and Time of <u>Modified Plan</u> Confirmation Hearing:
      __December 4, 2019 at 9:10 a.m.__
   Place of <u>Modified Plan</u> Confirmation Hearing:
      __701 E. Broad St., Rm 5100, Richmond, VA__

   The Plan provisions modified by this filing are:
      __2: Modify Plan Payments; 3-B: Modify Payment of Claims under 11 U.S.C. § 507; 4-D: Modify Payment of Secured Claims; 6-A: Modify Mortgage Arrears; 6-B: Provide for Payment of Lease Arrears__

   Creditors affected by this modification are:
      __County of Chesterfield, Department of the Treasury, Avid Acceptance, Progressive Leasing, and BB&T__

**1. Notices**

**To Creditors:**

Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.

**(1) Richmond and Alexandria Divisions:**
The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.
**(2) Norfolk and Newport News Divisions:** a confirmation hearing will be held even if no objections have been filed.
   (a) A scheduled confirmation hearing will not be convened when:
      (1) an amended plan is filed prior to the scheduled confirmation hearing; or
      (2) a consent resolution to an objection to confirmation anticipates the filing of an amended plan and the objecting party removes the scheduled confirmation hearing prior to 3:00 pm on the last business day before the confirmation hearing.

In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance.

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
|---|---|---|---|
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ■ Not included |
| C. | Nonstandard provisions, set out in Part 12 | ☐ Included | ■ Not included |

**2.    Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of **$770.00 per month for 56 months, then $257.50 per month for 4 months**.

Other payments to the Trustee are as follows:

The total amount to be paid into the Plan is $__44,150.00__.

**3.    Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    **A.    Administrative Claims under 11 U.S.C. § 1326.**

        1.    The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

        2.    Check one box:

■ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $__5,071.00__, balance due of the total fee of $__5,296.00__ concurrently with or prior to the payments to remaining creditors.

☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

    **B.    Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **County of Chesterfield** | **Taxes and certain other debts** | 226.69 | 6.30<br>36 months |
| **Department of the Treasury** | **Taxes and certain other debts** | 2,852.04 | 59.42<br>48 months |

    **C.    Claims under 11 U.S.C. § 507(a)(1).**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

**4.    Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    **A.    Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.**
The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    **B.    Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that

the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** | | | |

C. **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Avid Acceptance** | **2016 Honda Civic 55,000 miles** | **135.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D. **Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| **Avid Acceptance** | **2016 Honda Civic 55,000 miles** | **18,517.94** | **6.5%** | **439.15 48 months** |

E. **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

5. **Unsecured Claims.**

    A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __**5**__%. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __**0**__%.

    B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

6. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and

Page 3

such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **AES/Ed Services** | **Student Loan** | **0.00** | **0.00** | **0%** | **0months** | |
| **BB&T** | **6400 Kingsland Creek Lane Chesterfield, VA 23832 Chesterfield County Primary Residence Parcel ID: 769678008700000 -- Debtor is not liable on the note secured by the real estate. Debtor's estranged spouse maintains the monthly mortgage** | **1,143.78** | **8,767.83** | **0%** | **24months** | **Prorata** |
| **Navient** | **Student Loan** | **0.00** | **0.00** | **0%** | **0months** | |

      **B.**    **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

      **C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.**    **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

      **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| **Springfield East Assoc., LLC** | **Residential Lease - Reject** |

      **B.**    **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **Progressive Leasing** | **Agreement,Contract - Assume** | | **166.10** | **Prorata 24months** |

**8.** **Liens Which Debtor(s) Seek to Avoid.**

    **A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| -NONE- | | | | |

    **B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**9.** **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

**10.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**11.** **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**12.** **Nonstandard Plan Provisions**

    ■ **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                                   Best Case Bankruptcy

Dated: **October 29, 2019**

| | |
|---|---|
| **/s/ Danielle Rashawn Tuppince** | **/s/ Callyn M. Gibson** |
| **Danielle Rashawn Tuppince** | **Callyn M. Gibson 93516** |
| Debtor | Debtor's Attorney |

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:** **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

I certify that on    **October 29, 2019**   , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Callyn M. Gibson**
**Callyn M. Gibson 93516**
Signature

**P.O. Box 11588**
**Richmond, VA 23230-1588**
Address

**(804) 358-9900**
Telephone No.

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on    **October 29, 2019**    true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

☐ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

☐ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

**/s/ Callyn M. Gibson**
**Callyn M. Gibson 93516**

Fill in this information to identify your case:

Debtor 1: **Danielle Rashawn Tuppince**

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: **EASTERN DISTRICT OF VIRGINIA**

Case number: **19-33751-KLP**
(If known)

Check if this is:

☑ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

Official Form 106I
# Schedule I: Your Income                                                                  12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   |  | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|
   | Employment status | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
   | Occupation | Reimbursement Specialist | |
   | Employer's name | McKesson | |
   | Employer's address | One Post Street<br>San Francisco, CA 94104 | |
   | How long employed there? | Since 4/10/2017 | |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ **3,125.31** | $ **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | +$ **0.00** | +$ **N/A** |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | $ **3,125.31** | $ **N/A** |

Official Form 106I                                    **Schedule I: Your Income**                                    page 1

Debtor 1  **Danielle Rashawn Tuppince**　　　　　　　　　　　　　　　　　　　　Case number (*if known*)  **19-33751-KLP**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
|  | **Copy line 4 here** ........................................................ 4. | $ 3,125.31 | $ N/A |
| 5. | **List all payroll deductions:** |  |  |
| 5a. | Tax, Medicare, and Social Security deductions　　5a. | $ 335.08 | $ N/A |
| 5b. | Mandatory contributions for retirement plans　　5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans　　5c. | $ 62.51 | $ N/A |
| 5d. | Required repayments of retirement fund loans　　5d. | $ 0.00 | $ N/A |
| 5e. | Insurance　　5e. | $ 148.44 | $ N/A |
| 5f. | Domestic support obligations　　5f. | $ 0.00 | $ N/A |
| 5g. | Union dues　　5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: _____　　5h.+ | $ 0.00 + | $ N/A |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.　　6. | $ 546.03 | $ N/A |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4.　　7. | $ 2,579.28 | $ N/A |
| 8. | **List all other income regularly received:** |  |  |
| 8a. | **Net income from rental property and from operating a business, profession, or farm**  Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.　　8a. | $ 0.00 | $ N/A |
| 8b. | **Interest and dividends**　　8b. | $ 0.00 | $ N/A |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive**  Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.　　8c. | $ 0.00 | $ N/A |
| 8d. | **Unemployment compensation**　　8d. | $ 0.00 | $ N/A |
| 8e. | **Social Security**　　8e. | $ 0.00 | $ N/A |
| 8f. | **Other government assistance that you regularly receive**  Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.  Specify: _____　　8f. | $ 0.00 | $ N/A |
| 8g. | **Pension or retirement income**　　8g. | $ 0.00 | $ N/A |
| 8h. | **Other monthly income.** Specify: **Federal and State Tax Refunds Amortized**　　8h.+ | $ 250.00 + | $ N/A |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.　　9. | $ 250.00 | $ N/A |
| 10. | **Calculate monthly income.** Add line 7 + line 9.　　10. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | $ 2,829.28 + $ N/A = | $ 2,829.28 |
| 11. | **State all other regular contributions to the expenses that you list in *Schedule J*.**  Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.  Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.  Specify: _____　　11. | +$ 0.00 |  |
| 12. | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies　　12. | $ 2,829.28  **Combined monthly income** |  |

13. **Do you expect an increase or decrease within the year after you file this form?**
　　■ No.
　　☐ Yes. Explain: _____

Fill in this information to identify your case:

Debtor 1: **Danielle Rashawn Tuppince**

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA

Case number (If known): **19-33751-KLP**

Check if this is:

☒ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____ MM / DD / YYYY

Official Form 106J
# Schedule J: Your Expenses                                                                  12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ☒ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
       ☐ No
       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**  ☐ No
   Do not list Debtor 1 and Debtor 2.    ☒ Yes. Fill out this information for each dependent..............
   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Daughter | 13 | ☐ No ☒ Yes |
   |  |  | ☐ No ☐ Yes |
   |  |  | ☐ No ☐ Yes |
   |  |  | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**   ☒ No   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

|  | Your expenses |
|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ 0.00 |
| **If not included in line 4:** | |
| 4a. Real estate taxes | 4a. $ 0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. $ 0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. $ 100.00 |
| 4d. Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. **Additional mortgage payments for your residence,** such as home equity loans | 5. $ 0.00 |

| Debtor 1 | **Danielle Rashawn Tuppince** | Case number (if known) | **19-33751-KLP** |
|---|---|---|---|

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ **300.00**
   - 6b. Water, sewer, garbage collection — 6b. $ **110.00**
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ **265.00**
   - 6d. Other. Specify: — 6d. $ **0.00**
7. **Food and housekeeping supplies** — 7. $ **450.00**
8. **Childcare and children's education costs** — 8. $ **25.00**
9. **Clothing, laundry, and dry cleaning** — 9. $ **115.00**
10. **Personal care products and services** — 10. $ **150.00**
11. **Medical and dental expenses** — 11. $ **25.00**
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ **225.00**
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ **45.00**
14. **Charitable contributions and religious donations** — 14. $ **0.00**
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ **0.00**
    - 15b. Health insurance — 15b. $ **0.00**
    - 15c. Vehicle insurance — 15c. $ **212.00**
    - 15d. Other insurance. Specify: — 15d. $ **0.00**
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **Personal Property** — 16. $ **37.00**
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ **0.00**
    - 17b. Car payments for Vehicle 2 — 17b. $ **0.00**
    - 17c. Other. Specify: — 17c. $ **0.00**
    - 17d. Other. Specify: — 17d. $ **0.00**
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $ **0.00**
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ **0.00**
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property — 20a. $ **0.00**
    - 20b. Real estate taxes — 20b. $ **0.00**
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ **0.00**
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ **0.00**
    - 20e. Homeowner's association or condominium dues — 20e. $ **0.00**
21. **Other:** Specify: — 21. +$ **0.00**

22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ **2,059.00**
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ **2,059.00**

23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ **2,829.28**
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ **2,059.00**
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. — 23c. $ **770.28**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ■ No.
    ☐ Yes.   Explain here: **Debtor's estranged spouse will maintain the monthly mortgage payments. Debtor is not liable on the note secured by the real property.**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-3<br>Case 19-33751-KLP<br>Eastern District of Virginia<br>Richmond<br>Tue Oct 29 11:11:24 EDT 2019 | United States Bankruptcy Court<br>701 East Broad Street<br>Richmond, VA 23219-1888 | AES/Ed Services<br>PO Box 61047<br>Harrisburg, PA 17106-1047 |
| AFNI<br>1310 Martin Luther King Drive<br>P.O. Box 3517<br>Bloomington, IL 61702-3517 | AcceptanceNOW<br>5501 Headquarters<br>Plano, TX 75024-5837 | Ashley Funding Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Avid Acceptance<br>PO Box 708580<br>Sandy, UT 84070-8580 | Avid Acceptance LLC<br>6995 Union Park Center Ste 450<br>Cottonwood Heights, UT 84047-6145 | (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 |
| Bon Secours Richmond Health Sy<br>RE: Bankruptcy<br>P.O. Box 28538<br>Richmond, VA 23228-8538 | CB Indigo<br>PO Box 4499<br>Beaverton, OR 97076-4499 | CJW Medical Center<br>PO Box 13620<br>Richmond, VA 23225-8620 |
| CT Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, VA 23060-6808 | Chester Pediatrics, PC<br>Re: Bankruptcy<br>4707 Buckingham Court<br>Chester, VA 23831-4261 | Chesterfield Imaging Center<br>P.O. Box 277162<br>Atlanta, GA 30384-7162 |
| Cjw Medical Center<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602-1927 | (p)COMCAST<br>676 ISLAND POND RD<br>MANCHESTER NH 03109-4840 | Comenity Bank/Limited<br>PO Box 182789<br>Columbus, OH 43218-2789 |
| Comenity Bank/NWYRK&Co<br>PO Box 182789<br>Columbus, OH 43218-2789 | Comenity bank/VCTRSSEC<br>P.O. Box 182789<br>Columbus, OH 43218-2789 | Comenity/My Place<br>P.O. Box 659820<br>San Antonio, TX 78265-9120 |
| County of Chesterfield<br>Treasurer - Personal Property<br>P.O. Box 70<br>Chesterfield, VA 23832-0906 | County of Henrico<br>Public Utilities<br>P.O. Box 90775<br>Henrico, VA 23273-0775 | Credence Resource Management<br>PO Box 2147<br>Southgate, MI 48195-4147 |
| Credit One Bank<br>P.O. Box 98872<br>Las Vegas, NV 89193-8872 | Cuzco Capital<br>2124 NE 123rd Street<br>Ste 206<br>Miami, FL 33181-2939 | DEPARTMENT OF THE TREASURY-IRS<br>INTERNAL REVENUE SERVICE<br>PO BOX 7346<br>PHILADELPHIA, PA  19101-7346 |
| Department of the Treasury<br>Internal Revenue Services<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Dominion Energy Virginia<br>P.O Box 26543<br>Richmond, VA 23290-0001 | Dominion Energy Virginia<br>P.O. Box 26666<br>Richmond, VA 23261-6666 |

| | | |
|---|---|---|
| Educational Credit Management Corporation<br>P.O. Box 16408<br>St. Paul, MN 55116-0408 | First Premier Bank<br>3820 N Louise Avenue<br>Sioux Falls, SD 57107-0145 | Genesis Bankcard Service<br>PO Box 4499<br>Beaverton, OR 97076-4499 |
| Horsey Orthodontics, LLC<br>4106 E Parham Rd.<br>Glen Allen, VA 23060-0000 | Indigo Bankcard Services<br>P.O. box 4499<br>Beaverton, OR 97076-4499 | James River Emergency Group<br>ATTN # 21109M<br>PO Box 14000<br>Belfast, ME 04915-4033 |
| James Tuppince, Sr.<br>6400 Kingsland Creek Lane<br>Chesterfield, VA 23832-7867 | Joseph Karch<br>5855 Bremo Road #506<br>Richmond, VA 23226-1925 | Kay Jewelers<br>Attn: Bankruptcy Dept<br>PO Box 3680<br>Akron, OH 44309-3680 |
| KidMed Southside PLC<br>5021 Craig Rath Blvd<br>Bldg IV<br>Midlothian, VA 23112-6243 | Kingsland Glen HOA<br>c/o Community Group Inc<br>3901 Westerre Parkway Ste 100<br>Henrico, VA 23233-1341 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Labcorp<br>Re: Bankruptcy<br>PO Box 2270<br>Burlington, NC 27216-2270 | NPAS, Inc<br>P.O. Box 99400<br>Louisville, KY 40269-0400 | NPRTO South-East, LLC<br>256 W. Data Drive<br>Draper, Utah 84020-2315 |
| Navient<br>P.O. Box 9635<br>Wilkes Barre, PA 18773-9635 | PHG Physicans Family Medicine<br>P.O. Box 740776<br>Cincinnati, OH 45274-0776 | PRESTIGE FINANCIAL SERVICES<br>PO BOX 26707<br>SALT LAKE CITY, UT 84126-0707 |
| Patrick R. Pettitt, Esq.<br>PO Box 3472<br>Hampton, VA 23663-0472 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 | Premiere Credit of North America<br>PO Box 199014<br>Indianapolis, IN 46219-9014 |
| Prestige Financial Service<br>1420 South 500 West<br>Salt Lake City, UT 84115-5149 | Progressive Leasing<br>11629 S. 700 E.<br>Suite 100<br>Draper, UT 84020-8377 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 | Radiology Assoc. of Richmond<br>2602 Buford Rd.<br>Richmond, VA 23235-3422 | Richmond Ambulance Authority<br>Attn: Bankruptcy Dept.<br>2400 Hermitage Rd.<br>Richmond, VA 23220-1200 |
| Richmond Plastic Surgeons Inc.<br>5899 Bremo Road<br>Richmond, VA 23226-1935 | SYNCB/QVC<br>Attn:  Bankruptcy<br>P.O. Box 965018<br>Orlando, FL 32896-5018 | Samuel I White, PC<br>1804 Staples Mill Road<br>Suite 200<br>Richmond, VA 23230-3530 |

| | | |
|---|---|---|
| Senex Law<br>3 Ruckman Rd<br>Fort Monroe, VA 23651-1139 | Springfield East Assoc LLC<br>c/o Weinstein Management Co.<br>3951 A Stillman Parkway<br>Glen Allen, VA 23060-0000 | (p)SPRINGLEAF FINANCIAL SERVICES<br>P O BOX 3251<br>EVANSVILLE IN 47731-3251 |
| (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | Sprint PCS<br>PO Box 105243<br>Atlanta, GA 30348-5243 | St. Francis Medical Center<br>13710 St. Francis Boulevard<br>Midlothian, VA 23114-3267 |
| Sterling Jewelers<br>Re: Bankruptcy<br>375 Ghent Road<br>Akron, OH 44333-4601 | T Mobile/T-Mobile USA Inc<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 |
| (p)TRS RECOVERY SERVICES INC<br>P O BOX 674169<br>MARIETTA GA 30006-0070 | Treasurer Chesterfield County<br>PO Box 70<br>Chesterfield, VA 23832-0906 | US Attorney<br>Suntrust Building<br>919 East Main Street, Suite 1900<br>Richmond, VA 23219-4622 |
| Verizon<br>500 Technology Drive<br>Suite 550<br>Saint Charles, MO 63304-2225 | Verizon<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Verizon Wireless<br>PO Box 4003<br>Acworth, GA 30101-9004 |
| Verizon Wireless/Southeast<br>PO Box 26055<br>Minneapolis, MN 55426-0055 | WEBBANK/Fingerhut<br>6250 Ridgewood Road<br>Saint Cloud, MN 56303-0820 | West End Dermatology<br>3811 Gaskins Road<br>Henrico, VA 23233-1436 |
| Callyn Marianna Gibson<br>Boleman Law Firm<br>PO Box 11588<br>Richmond, VA 23230-1588 | Christopher John Flynn<br>Boleman Law Firm<br>PO Box 11588<br>Richmond, VA 23230-1588 | Danielle RaShawn Tuppince<br>6400 Kingsland Creek Lane<br>Chesterfield, VA 23832-7867 |
| John P. Fitzgerald, III<br>Office of the US Trustee - Region 4 -R<br>701 E. Broad Street, Ste. 4304<br>Richmond, VA 23219-1849 | Laura Taylor Alridge<br>Boleman Law Firm, P.C.<br>P.O. Box 11588<br>Richmond, VA 23230-1588 | Suzanne E. Wade<br>7202 Glen Forest Drive, Ste. 202<br>Richmond, VA 23226-3770 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| BB&T<br>Attn: Bankruptcy Dept<br>P.O. Box 1847<br>Wilson, NC 27894-0000 | (d)Branch Banking and Trust<br>PO Box 1847<br>Wilson, NC 27894-1847<br>Mailcode 100-50-01-51 | Comcast<br>Attn: Bankruptcy Dept<br>PO Box 3012<br>Southeastern, PA 19398-3012 |

```
Springleaf Financial              Sprint Corp                     T-Mobile
5050 Richmond Road                Attn: Bankruptcy                Re: Bankruptcy
P. O. Box 675                     PO Box 7949                     P.O. Box 37380
Warsaw, VA 22572-0000             Overland Park, KS 662070949     Albuquerque, NM 87176-7380


TRS Recovery Services             End of Label Matrix
RE: Wal Mart No. 4476             Mailable recipients   83
P.O. Box 60022                    Bypassed recipients    0
City Of Industry, CA 91716-0022   Total                 83
```